[Sac. No. 3971. In Bank.—April 7, 1930.]

VINCENT CHERNEY et al., Respondents, v. W. D. JOHN-SON, Appellant.

Theodore W. Chester for Appellant.

White, Miller, Needham & Harber for Respondents.

SEAWELL, J.—Appeal from an order made after entry of an alternative decree. The cause out of which this action arises was heard and decided on its merits against the appellant on an original appeal. (*Cherney* v. *Johnson,* 72 Cal. App. 725 [238 Pac. 150].) A petition for hearing by this court was denied. The matters and things therein considered are *res judicata.*

The issues therein adjudicated, so far as they are necessary to an understanding of the instant appeal, were:

One R. N. Hicks was in possession of the land involved in suit, to wit, 57.51 acres situate in the county of Sacramento, under an executory contract of sale thereof to him by the Natomas Company, one of the defendants herein, but it has no pecuniary interest in the success of either the respondents or appellant. Appellant Johnson acquired an option in his own name from Hicks to purchase said lands and thereupon respondents, who had sold their farm in Wisconsin, entered into an agreement with appellant for the purchase of said Natomas Company lands at the price of $18,690.75. Respondents paid down $9,000 and gave their promissory note for $1,000. The note was thereafter assigned by appellant Johnson to a third person. The balance of the purchase price was to be paid in eight or nine annual installments at the option of the respondents. The respondents, who never entered into possession, brought this action against appellant, alleging misrepresentations as to the quality of a certain portion of the land included in the agreement of sale and also noncompliance with the terms of said agreement on the part of appellant, and

prayed for certain rebates upon the purchase price by reason of misrepresentations as to the quality of said lands and also by reason of overdue installments and reclamation assessments levied against it upon which bonds had been issued in the sum of $4,000, constituting a lien thereon; for the surrender and cancellation of said promissory note and for other specific and general relief. The court filed its findings of fact and conclusions of law and judgment on February 27, 1923. By the judgment jurisdiction of the cause was retained to the end that a further judgment and decree might be entered in the event that Johnson should fail to comply with the terms of said judgment. As already pointed out, this judgment was affirmed upon appeal. The judgment provided that Johnson should specifically perform his contract with respondents; that within thirty days from the entry of the decree, respondents should pay to the clerk of the court one-eighth or one-ninth, as they shall elect, of the sum of $3,115.75, the sum adjudged to be due on said contract of purchase after making certain deductions on account of misrepresentations as to the quality of said lands and for other rebates, for each year that elapsed between March 26, 1920 (date of execution of agreement), and the date of said payment, with interest to the twenty-sixth day of March last preceding the date of payment, at the rate of six per cent per annum, which sum was to be paid by said clerk to appellant Johnson upon delivery by him to said clerk of the receipt of the defendant Natomas Company of California or its successor in interest under the contract made by the Natomas Company with R. N. Hicks showing payment made to said company of all moneys due it to the date of the entry of the decree; that said Johnson should pay all water charges constituting a lien on said land to the date of the entry of the decree and all county taxes, prorating the taxes for the year 1922–1923, from the first day of July, 1922, to the date of filing said receipt.

Respondents were adjudged to be entitled to possession of said property from and after the date of filing said receipt. It was also decreed that appellant Johnson should furnish and file with the clerk of the court an undertaking in the sum of $4,000 conditioned that he would comply with

the terms and conditions of said contract with the Natomas Company; that if respondents, within thirty days from the date of filing said judgment, should make the payments therein provided to be made by them, and if the appellant shall fail to file said receipt within sixty days from the date of notice of said decree, said contract shall be declared terminated and rescinded and the clerk shall thereupon repay to plaintiffs the sums paid to him under the terms thereof and shall enter judgment in favor of respondents and against appellant Johnson in the sum of $10,000 with interest at the rate of seven per cent per annum from March 27, 1920, to the date of entry of said judgment; that upon payment in full to said appellant Johnson of the sums due and to grow due, in accordance with the terms of said contract of date March 26, 1920, appellant Johnson shall convey or cause to be conveyed to respondents the real property described in said contract by good and merchantable title, free from liens and encumbrance except liens created by respondents or accruing after the date of the filing of said receipt and except the lien of said reclamation assessment. All payments becoming due under the terms of said reclamation assessments after the date of filing said receipt, and all water charges and taxes other than those provided to be paid by appellant shall be paid and assumed by respondents.

Appellant was served with notice of entry of judgment as of March 1, 1923. Nine days thereafter, to wit, March 10, 1923, appellant served and filed his notice of appeal, which appeal resulted in an affirmance of the judgment. Pending the appeal appellant was in possession of said property and both he and the respondents regarded the appeal as operating as a stay of proceeding, as no action was taken by either pending the appeal. Within thirty days after the day on which the *remittitur* was indorsed "Filed" by the clerk of the trial court, to wit, July 27, 1925, appellant was served with notice that the judgment had been theretofore entered and, further, that respondents, pursuant to the judgment from which the appeal was taken, had deposited $2,665.75 with the clerk of said court, with directions to pay the said sum over to appellant Johnson upon his performance of the conditions imposed upon him by said decree as a condition precedent to the payment of said fund

to him. The affidavit of the clerk of the District Court of Appeal, Third Appellate District, is to the effect that the *remittitur* was issued July 22, 1925, and the package containing said *remittitur* bears the indorsement of the county clerk of Sacramento County as having been indorsed July 22, 1925. The clerk of the department of the Superior Court in which the case was tried was absent from his duties as such clerk at the time the *remittitur* arrived. He avers that he left the office on his vacation July 4th and did not return until Saturday, July 25, 1925. That upon his return on said day he found a great many papers and legal documents upon his desk, including said *remittitur*. That on the following Monday, to wit, July 27, 1925, he stamped the said *remittitur* as being filed of that day. No showing is made that any official note was made of its receipt prior to the day it was stamped as filed. It was not placed with the other papers in the case, but it was placed upon the desk of the department clerk with other papers and documents which had accumulated while the clerk was on his July vacation. The attorney who had charge of the instant case for respondents averred by affidavit that between July 27, 1925, and August 25, 1925, he inspected the records in the county clerk's office to ascertain the date of the receipt of the *remittitur* and found that it was marked as filed July 27, 1925, and he relied upon the filing mark as bearing the true date on which it was received. There is nothing in his affidavit inconsistent with that averment. Upon the state of the record as herein set out respondents, on December 15, 1925, notified appellant in writing that on Monday, December 21, 1925, they would move the court for an order directing the clerk of said court to enter judgment in said cause in favor of respondents and against the appellant in the sum of $10,000, said sum being the amount respondents paid to appellant under said agreement of March 26, 1920, with interest thereon at the rate of seven per cent per annum, to date of judgment, and further directing the clerk of said court to pay over to respondents said sum of $2,665.75, deposited by said respondents under the terms of the judgment theretofore entered.

The motion came before the court for hearing pursuant to said notice, and the court found, omitting matters not pertinent to the point involved, as follows:

" . . . that on July 21, 1925, the petition of the defendant Johnson for a hearing by the Supreme Court of this State was denied, that on July 22, 1925, the *remittitur* of said Appellate Court was transmitted to and delivered to the Clerk of the Superior Court of the State of California, in and for the County of Sacramento, and that said *remittitur*, from the time of such delivery, was held in the possession of a deputy clerk of said court until July 27, 1925, on which date it was endorsed by said clerk 'Filed' July 27, 1925, and on said last mentioned date was entered in the docket of said case as filed July 27, 1925; that between July 27, 1925, and August 25, 1925, attorneys for plaintiffs inspected the records of said case to ascertain the date of receipt of said *remittitur* by the Supreme Court and saw and relied upon said filing mark as endorsed on said *remittitur*, as being the true date and believed that said last mentioned date was the true date of the receipt of said *remittitur* by the Superior Court; that within thirty days after July 27, 1925, and on August 25, 1925, plaintiffs, pursuant to the terms of said decree herein, deposited with the Clerk of this court the sum of Two thousand, six hundred sixty-five and 75/100 ($2,665.75) Dollars, being the amount of principal payments and of interest thereon, accrued and payable on the date of said deposit under the terms of the contract sued upon herein, as said contract was construed and declared specifically enforceable by the decree of specific performance, entered herein on February 28, 1923;

"That defendant Johnson has performed none of the acts enjoined upon him by the terms of said decree; that said sum so deposited by plaintiffs is still in the possession of said Clerk; that pending said appeal, the making of said deposit by plaintiffs was stayed; that said deposit was made within the time required by law and by the terms of said judgment of February 28, 1923; that time was not of the essence of said original contract, so specifically enforced, nor of the essence of said judgment of February

28, 1923; that the defendant Johnson was not injured by the delay, if any, in making said deposit;

"It is therefore ordered, adjudged and decreed that the clerk of this court pay over to plaintiffs the said sum of Two thousand six hundred sixty-five and 75/100 ($2,665.75) Dollars, heretofore deposited by plaintiffs with said clerk, accepting the receipt of plaintiffs' attorneys therefor, and

"It is further ordered, adjudged and decreed that plaintiffs have judgment against the defendant Johnson in the sum of Fourteen thousand one hundred fifty and no/100 ($14,150.00) Dollars, being said sum of Ten thousand ($10,000) Dollars, with interest thereon from the 27th day of March, 1920, to the date hereof, at the rate of 7% per annum. . . . "

From the latest judgment this appeal is taken, the rights and obligations of the parties under said contract having been determined by the first judgment from which the appeal was taken.

The only points made on this appeal are that respondents did not make payment of the amount found by the court to be due appellant within the thirty days' period fixed by the alternative judgment and, further, granting that the appeal stayed all proceedings, the said deposit with the clerk was not made within thirty days after the *remittitur* was actually *received* by the clerk. We think there is no substantial merit in these contentions.

The appellant filed no bond upon taking the appeal, yet he received every benefit that would have been conferred by the furnishing of an undertaking on appeal. He did none of the things which the alternative judgment imposed upon him and during the pendency of the appeal he had the use and benefit of $10,000, money of respondents, and also the possession of the real property in suit. Respondents received no benefit whatever from the transaction except legal interest for the use of their money which had passed into appellant's hands. The parties to the action and the court treated the appeal taken from the alternative judgment as staying proceedings. The inaction of appellant gave color to the mutual belief that the appeal acted as a stay and he made no move that would tend to disturb such belief. The reciprocal duties cast upon appellant were

greater than those cast upon respondents. The appellant was receiving every benefit that he would have enjoyed had he given an appeal bond. He lost nothing by the delay and he was doubtless anxious that the *status quo* should be preserved. With this state of facts before us, even though the proceedings were not stayed by operation of sections 942, 943 of the Code of Civil Procedure, the situation is such that appellant should not be allowed to doubly profit by the grace which had been extended to him.

The question as to the coming down of the *remittitur* was considered and disposed of by the court in its judgment and we are in accord with the disposition therein made.

Judgment affirmed.

Richards, J., Shenk, J., Preston, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.